9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Henry FERDIK, Petitioner-Appellant,
v.
Sam A. LEWIS; Robert K. Corbin, Respondents-Appellees.
 No. 93-15105.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 10, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges; KELLEHER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Michael Ferdik timely appeals the district court's denial of his habeas petition. He claims that he was not informed of all the elements of his offense when he pleaded guilty to attempted first degree murder in state court and that he received ineffective assistance of counsel because his attorney failed to investigate and explain to him possible defenses. The district court held that Ferdik was adequately informed that the Arizona attempted murder charge required intent and premeditation and that Ferdik was not prejudiced by his counsel's failure to investigate alternative defenses because none were available. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 4
 * Ferdik argues that neither the court nor his counsel explained to him before he pled guilty that intent and premeditation were necessary elements of attempted first degree murder. "Due process requires that a defendant be apprised of the nature of the charges, including the element of intent to which a plea of guilty is entered." Henderson v. Morgan, 426 U.S. 637, 645 (1976). However, adequate apprisal does not necessitate a precise technical explanation of the legal meaning of intent; only "the general import" of the terms of intent must be explained to the person pleading. Tamayo-Reyes v. Keeney, 926 F.2d 1492, 1495 (9th Cir.1991), rev'd on other grounds, 112 S.Ct. 1715 (1992).
 
 
 5
 At the plea hearing in state court, Ferdik told the judge that he had read and understood the plea statement and the attached explanation of the elements of the crimes. The judge twice asked if he had any questions or if he wanted to take a break to discuss the statement with his attorney. Ferdik declined both times and said that he had already discussed it with his attorney. Further, at a subsequent state court evidentiary hearing, Ferdik's attorney stated that he had discussed the plea agreement with his client before the plea hearing. Ferdik now argues in federal court that he had not read or understood the agreement and that his attorney did not explain the elements of the crimes.
 
 
 6
 Even though neither the trial court nor counsel explained to Ferdik on the record each element of attempted murder, the record supports the conclusion that he was adequately informed of the nature of the charge. Absent special circumstances such as a defendant's below average intelligence, we must presume that the appellant's attorney explained the charge. Marshall v. Lonberger, 459 U.S. 422, 437 (1983); Henderson, 426 U.S. at 647. Since Ferdik's attorney stated that he had explained the plea statement and since Ferdik has not submitted evidence of his lack of understanding, we presume that Ferdik was apprised of the elements of the crime.
 
 II
 
 7
 Ferdik also argues that he was denied effective assistance of counsel because his attorney did not interview witnesses and pursue defenses of insanity, intoxication, and lack of intent. To maintain this claim, he must show that his attorney's failure to raise these defenses was "outside the wide range of professionally competent assistance," and that he was prejudiced by this failure. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). In the context of guilty pleas, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The attorney's deficient performance must render the result of the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 8
 The district court found that Ferdik's counsel had discussed possible defenses with him. Further, the court accepted expert testimony that Ferdik was not insane at the time of the crime, concluded that he was not drunk, and ruled that there was no evidence that he lacked intent. Evidence in the record supports each conclusion, so the district court did not err in making these factual findings. Given that there was no factual basis for defenses of insanity, intoxication, or lack of intent, we hold that Ferdik's attorney's conduct was not outside the range of professionally competent assistance when he did not pursue baseless defenses in the state court proceeding.
 
 
 9
 Further, even if the attorney should have investigated witnesses to attempt to create a defense, Ferdik has not shown a reasonable probability that he would not have pled guilty. Because any possible defense would have been so weak, it is unlikely Ferdik would have succeeded at trial. Hill, 474 U.S. at 59. Therefore, the result of the plea hearing was not fundamentally unfair, and Ferdik was not prejudiced by his attorney's failure to pursue alternative defenses.
 
 III
 
 10
 Since Ferdik was adequately informed of the elements of the crime to which he pled guilty and since he failed to meet the Strickland test on his ineffective assistance of counsel claim, we affirm the denial of his petition for habeas corpus.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3